**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4633**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA KENNETH HARTUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:17-cr-00219-FDW-DCK-3)

Submitted: June 27, 2019                          Decided: July 30, 2019

Before THACKER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra Barrett, Hendersonville, North Carolina, for Appellant. William T. Stetzer, United States Attorney, William T. Bozin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Kenneth Hartung pled guilty, without a written plea agreement, to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Hartung was convicted for his participation in a marijuana trafficking conspiracy that used commercial airlines to transport high-grade marijuana from California to Charlotte, North Carolina. On appeal, Hartung argues that the district court erred by applying a sentencing enhancement, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (2016), for Hartung's role as a leader or organizer within the drug trafficking conspiracy.[*] We affirm.

We review criminal sentences for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence based on an improperly calculated Sentencing Guidelines range is procedurally unreasonable. *United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and

---

[*] Hartung has also filed a motion to file a pro se supplemental brief. Because Hartung is represented by counsel and this appeal is not filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), that motion is denied. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

The Government bears the burden of demonstrating that a sentencing enhancement should be applied, and the sentencing court must find that the enhancement applies by a preponderance of the evidence. *Id.* at 414. Under the Guidelines, the sentencing court should apply a four-level enhancement in offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). In determining whether to apply an enhancement for a defendant's leadership role, a court should consider: the defendant's exercise of decision-making authority, the nature of his participation in the offense, recruitment of others, any claimed right to a larger share of profits, the degree of participation in planning the offense, the nature and scope of the offense, and the degree of control and authority exercised over others. *United States v. Agyekum*, 846 F.3d 744, 752 (4th Cir. 2017) (citing USSG § 3B1.1 cmt. n.4). We have previously explained that the role enhancement applies only if "the defendant managed or supervised participants, as opposed to property, in the criminal enterprise." *Steffen*, 741 F.3d at 415 (internal quotation marks omitted).

In support of the enhancement, the Government provided evidence that Hartung helped organize the conspiracy by connecting the conspiracy's leader with a marijuana supplier in California and by using Hartung's previous work experience as an airport employee to instruct the other members of the conspiracy how to avoid detection when flying with marijuana or large amounts of money. The Government further presented

evidence that Hartung personally directed at least two other members of the conspiracy. We conclude that the district court did not err by finding that Hartung qualified for a four-level enhancement based on his role as an organizer in the conspiracy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*